60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert LEE, Jr., Plaintiff-Appellant,
v.
Thomas PATTON, et al., Defendants-Appellees.
 No. 93-2482.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Lee filed this pro se action under 42 U.S.C. Secs. 1983 and 1985, accusing defendants, who are members of the Michigan Parole Board, of violating his due process rights. The district court granted defendants' motion to dismiss. We affirm that dismissal, finding that Lee has not stated a congnizable constitutional claim.
 
 
 2
 Lee states that he did not receive 30 days notice that a parole interview would be held, and that defendants did not provide specific factual findings for denying him parole, nor did they state what he should do to qualify for parole. Lee argues that these omissions violated Michigan Department of Corrections Policy Directives and various Michigan statutes related to parole procedures. The defendants moved for dismissal under Rule 12(b)(6). The district court granted their motion, and we affirm.
 
 
 3
 Lee's arguments do not state a claim for which relief can be granted. "State statutes and regulations governing prison hearings do not create an independent federal due process liberty interest or right in the prisoner." Sweeton v. Brown, 27 F.3d 1162, 1164 (6th Cir.1994) (en banc) (considering Michigan law), cert. denied, 115 S.Ct. 1118 (1995); see also Olim v. Wakinekona, 461 U.S. 238 (1983); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233 (6th Cir.1991) (considering Ohio law). "So long as the parole discretion is broad, as in Michigan, 'the state has not created a constitutionally protected liberty interest' by enacting procedural rules." Sweeton, 27 F.3d at 1165 (quoting Olim, 461 U.S. at 249). Therefore, Lee cannot state a claim under Secs. 1983 and 1985, because the alleged violation of Michigan parole regulations does not give rise to a due process violation.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation